[No. 14185. Department Two. — September 9, 1893.]

# THE HIBERNIA SAVINGS AND LOAN SOCIETY, APPELLANT, *v.* VITUS WACKENREUDER ET AL., RESPONDENTS.

99 503
132 454
99 503
133 96

ESTATES OF DECEASED PERSONS — FORECLOSURE OF MORTGAGE — ACTION PENDING AT DEATH OF DECEDENT — PRESENTATION OF CLAIMS — WAIVER. — Section 1502 of the Code of Civil Procedure, which provides that if an action is pending against a decedent at the time of his death the plaintiff in order to recover must present his claim against the estate, must be construed in connection with section 1500 of the same code, and as referring only to actions upon such claims as are required to be presented for allowance under the provisions of the code, and as not applying to an action for the foreclosure of a mortgage upon other than homestead premises, though commenced prior to the death of the mortgagor, and pending and undetermined at his death; but such action may be continued against the executors of the deceased mortgagor without presentation of the claim to them for allowance, if the plaintiff expressly waives all recourse against any other property of the decedent.

ID. — CONSTRUCTION OF CODE — REMEDIAL STATUTES. — Although the language of section 1500 of the Code of Civil Procedure, which permits the holder of a mortgage or lien to maintain an action thereon without presentation of the claim to

the executor or administrator of an estate, if construed literally, would only apply to an action commenced after the death of the mortgagor, yet when construed like all other remedial statutes, it should not be confined to cases falling within its exact letter, but should be given effect according to its spirit and reason, and when so construed applies to an action pending at the time of the mortgagor's death.

Id. — WAIVER OF RECOURSE — PRAYER OF COMPLAINT. — Where a complaint in an action to foreclose a mortgage against property of a deceased mortgagor expressly waives all recourse against any other property of the estate, the fact that the prayer for relief asks for "the amount due upon the said note and mortgage," and for costs "and counsel fees," and "that a receiver be appointed to take charge of the real estate until the same be sold, and collect the rents and hold the net income therefrom, to be applied to the payment of any deficiency which may remain due to plaintiff after said sale," does not destroy the effect of the express waiver.

Id. — SUBSTITUTION OF EXECUTORS — SUPPLEMENTAL COMPLAINT — CONTINUATION OF ACTION — STATUTE OF LIMITATIONS. — The filing of a supplemental complaint in an action to foreclose a mortgage, which contains in addition to the matters stated in the original complaint allegations of the death of the mortgagor and the appointment of his executors, who were named as defendants therein, and that the other persons who were named as defendants therein claimed an interest in the property mortgaged, and which also contains an express waiver of recourse against any other property of the decedent, is a continuation of the original action, and not the commencement of a new action, and where the original action was commenced within the time limited by section 337 of the Code of Civil Procedure the cause of action stated in the supplemental complaint is not barred by the provisions of that section, though the time therein specified had expired before the filing of the supplemental complaint.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*A. Tobin,* and *Thomas F. Barry,* for Appellant.

The mortgage may be enforced against the mortgaged property without presentation of a claim against the executors of the decedent where recourse to other property is waived. (*Anglo-Nevada Assur. Co.* v. *Nadeau,* 90 Cal. 393; *German Sav. etc. Soc.* v. *Fisher,* 92 Cal. 502; *Dreyfuss* v. *Giles,* 79 Cal. 409; *Security Sav. Bank* v. *Connell,* 65 Cal. 574.) The action is not barred by limitation. Successors in interest or representatives of a deceased defendant may be brought in by substitution without a summons, and the position of the substituted parties relate to the commencement of the action. (*Emeric* v. *Alvarado,* 64 Cal. 529; *Temple* v. *Alexander,* 53 Cal. 3.) The code has adopted the doctrine in *Fallon* v. *Butler,* 21 Cal. 24; 81 Am.

Dec. 140. Sections 1500 and 1502 of the code must be read together

*T. Z. Blakeman,* for Respondents.

The cause of action is barred by section 1502 of the Code of Civil Procedure, no claim having been presented to the executors as therein provided. (*Derby* v. *Jackman,* 89 Cal. 4; *Bank of Stockton* v. *Howland,* 42 Cal. 132; *Drake* v. *Foster,* 52 Cal. 225; *Bollinger* v. *Manning,* 79 Cal. 7; *Camp* v. *Grider,* 62 Cal. 20.) All claims including mortgage claims must be presented. (Code Civ. Proc., secs. 1493, 1497, 1500; *Pitte* v. *Shipley,* 46 Cal 154; *Bayly* v. *Muehe,* 65 Cal. 349.) No action could be maintained prior to the mortgagor's death to enforce the mortgage debt. (Code Civ. Proc., sec. 726; *Ould* v. *Stoddard,* 54 Cal. 614; *Bartlett* v. *Cottle,* 63 Cal. 366; *Barbieri* v. *Ramelli,* 84 Cal. 156.) The waiver alleged in the amended complaint is not *bona fide,* being contrary to the prayer of the complaint for counsel fees and payment of deficiency. The action is barred by the general statute of limitation, the supplemental complaint having been filed nearly seven years after the mortgage note was due. (Code Civ. Proc., sec. 337; *McCarthy* v. *White,* 21 Cal. 495; 82 Am. Dec. 754; *Booth* v. *Hoskins,* 75 Cal. 271; *Anderson* v. *Mayers,* 50 Cal. 525.)

De Haven, J.—This action was commenced on June 19, 1885, against Vitus Wackenreuder and Morris Windt, for the purpose of foreclosing a mortgage made by said Wackenreuder to secure the payment of his note which matured on June 29, 1882, and he was properly served with the summons, but for some reason not disclosed by the record the cause was not brought to a hearing in his lifetime. Wackenreuder died in August, 1887, and the time for presenting claims against his estate expired on April 11, 1889. The plaintiff did not present for allowance the claim which is the subject of this action. But on June 3, 1889, the court made an order substituting the executors of Wackenreuder as defendants in his place, and permitting the plaintiff to file "an amended and supplemental complaint," which it did on June 13, 1889. In the "amended and supplemental complaint," the executors of Wackenreuder and certain

other persons, his heirs and devisees, and one Reynolds, who had made a bid for a portion of the property described in the mortgage, at a sale thereof under an order of the probate court, were named as defendants, and appeared and answered in the action. The supplemental complaint contained, in addition to the matters stated in the original, allegations of the death of Wackenreuder and the appointment of his executors who were named as defendants therein, and that the other persons who were named as defendants therein claimed an interest in the property mortgaged, and also contained the following waiver:—

"The plaintiff hereby expressly waives all recourse against any other property of the estate of said Vitus Wackenreuder, deceased, other than that which is included and embraced in and covered by said mortgage."

The superior court found upon the foregoing facts that plaintiff's cause of action, as stated in the supplemental complaint, was barred by the provisions of sections 1493 and 1502 of the Code of Civil Procedure, and was also barred, as to the heirs, by sections 312 and 337 of the same code, and thereupon gave judgment for the defendants. The plaintiff claims that these findings are against the evidence, and this is the only question presented by the appeal.

1. Sections 1493 and 1502 of the Code of Civil Procedure are as follows:—

"Sec. 1493. All claims arising upon contracts, whether the same be due, not due, or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever. . . . ."

"Sec. 1502. If an action is pending against the decedent at the time of his death, the plaintiff must in like manner present his claim to the executor or administrator, for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof be made of the presentations required."

The defendants insist that, as this action was pending at the date of the death of Wackenreuder, and as plaintiff has never presented to the executors of deceased, for allowance, its claim upon the note and mortgage sued on, the case is brought fully within the provisions of section 1502 of the Code of Civil Pro-

cedure, and the plaintiff is not entitled to recover. This argument is based upon the assumption that the section referred to applies to all actions pending against a defendant at the date of his death, and this would be its proper construction if there were no other sections of the code to be considered than sections 1493 and 1502. But, by section 1500 of the Code of Civil Procedure, it is provided that: "No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator, except in the following case: An action may be brought by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against any other property of the estate is expressly waived in the complaint, but no counsel fees shall be recovered in such action unless such claim be so presented." Under this section, when the waiver therein provided for is made, claims secured by mortgage (other than a mortgage upon the homestead, which, by section 1475 of the Code of Civil Procedure, must be presented for allowance) are excepted from the operation of section 1493, requiring the presentation of claims to the executor or administrator for allowance, and, by necessary implication, actions upon such excepted claims are not affected by the general rule contained in section 1502 of the same code. The latter section, when properly construed, refers only to actions upon such claims as are required to be presented to the administrator for allowance under section 1475 of the Code of Civil Procedure, or by the provisions of section 1493 of the same code, as modified by section 1500. In other words, section 1502 of the Code of Civil Procedure simply means that when an action is pending against a decedent at the time of his death, the plaintiff therein is not relieved from the duty of presenting for allowance the claim upon which it is based, when the claim is of that character that he would have been required to make such presentation in order to preserve its validity as a claim against the estate if such action had not been brought in the lifetime of the decedent. It is quite true that the language of section 1500 of the Code of Civil Procedure, permitting the holder of the mortgage or lien to maintain an action thereon without presentation of the claim to the executor or administrator of an estate, if construed

literally, would only apply to an action to foreclose a mortgage or lien when commenced after the death of the mortgagor; but there is no distinction in reason between such an action commenced at such a time and one which was brought for the same purpose in the lifetime of the mortgagor, and which is pending at the date of his death, and the section should not be construed as making any such distinction. Like all remedial statutes it should not be confined to cases falling within its exact letter, but it should be given effect according to its reason and spirit.

The object of this section is not only to give to the holder of such a mortgage, or other lien, the right to maintain an action against the representative of the estate to enforce the same, without presentation of the claim upon which the action is founded, when the waiver provided for is made, but also to relieve the estate from the payment of counsel fees stipulated for in the mortgage, and from the payment of any deficiency judgment, when the mortgagee elects to proceed under it, and this purpose or intention of the law is as fully satisfied when the complaint in an action pending in the lifetime of the decedent is after his death so amended as to secure this benefit to the estate of the deceased as it would be by dismissing such pending action and commencing a new one, and thus bringing the case within the literal terms of the statute.

In holding, as we do, that section 1502 of the Code of Civil Procedure has no application to an action which, if brought against the administrator or executor, in the first instance, could have been maintained without first presenting to such administrator or executor for allowance the claim upon which it is based, our conclusion is not in conflict with anything decided in *Bollinger* v. *Manning*, 79 Cal. 7. That was an action to foreclose a mortgage upon a homestead selected by the deceased in his lifetime. By the express provision of section 1475 of the Code of Civil Procedure such claim is required to be presented for allowance, and is not within the provisions of section 1500 of the same code, which permits a mortgage to be foreclosed without such presentation, and the court held that the fact that such action was pending in the lifetime of the deceased did not exempt the plaintiff from the duty of present-

ing such claim to the representative of the estate, but that section 1502 of the Code of Civil Procedure applied to such a case, and would permit no recovery in the pending action, unless the claim was presented as required by law. The distinction between that case and this is broad, and the decision there is in entire harmony with all that is said in this opinion.

2. It is also claimed by respondent that the plaintiff did not in its supplemental complaint make the waiver required by section 1500 of the Code of Civil Procedure, and that for this reason the judgment should be affirmed. This argument is based upon the fact that in the prayer for relief the plaintiff asks for judgment for "the amount due upon the said note and mortgage," and for costs "and counsel fees," and "that a receiver be appointed to take charge of the real estate until the same be sold, and collect the rents, and hold the net income therefrom, to be applied to the *payment of any deficiency which may remain due to plaintiff after said sale.*" It must be conceded that the prayer of the complaint is carelessly drawn, but we do not think that this should be allowed to destroy the effect of the express waiver which is contained in the body of the complaint, and which is in the exact language of the statute, and, therefore, sufficient.

3. It is lastly claimed by respondent that the action is barred by section 337 of the Code of Civil Procedure, which requires an action upon a written contract to be brought within four years after the cause of action thereon accrues. This contention cannot be sustained in view of the facts appearing in the record. The note which is sued on matured June 29, 1882, and the action was commenced June 19, 1885, which was less than three years after the maturity of the note. The contention of respondent that, if the action was not pending at the date of the death of Wackenreuder, within the meaning of section 1502 of the Code of Civil Procedure, then the filing of the supplemental complaint on June 13, 1889, is to be treated as a commencement of a new action, is fallacious.

The action was commenced within the time fixed by section 337 of the Code of Civil Procedure, and did not abate upon the death of Wackenreuder, but was continued against his representatives by the order of the court substituting them as

defendants in his place; and the subsequent filing of an amended or supplemental complaint in which the plaintiff waived its right to resort to any other property than that mortgaged in satisfaction of the judgment which it demanded, and which waiver was also in effect a waiver of its right to the counsel fees, stipulated for in the mortgage, was not the introduction of a new and different cause of action against such representatives, or the other persons named as defendants in the supplemental complaint, who are heirs and successors of the deceased mortgagor. The filing of such supplemental or amended complaint was authorized by section 385 of the Code of Civil Procedure, which provides that an action shall not abate by the death of a party, and that the same may be continued against his representative or successor in interest, and the bringing in of such substituted defendants is not the commencement of a new action against them, but only a step in the progress of the original action to judgment. (*Evans* v. *Nealis*, 69 Ind. 148; *Evans* v. *Cleveland*, 72 N. Y. 486.) In the case last cited the original plaintiff died and his executrix was substituted as plaintiff therein by the filing of a supplemental complaint, by leave of the court. The supplemental complaint was not filed for more than one year after the original cause of action accrued, and if the supplemental complaint was to be treated as the commencement of a new action, the cause of action therein stated was barred by the statute of limitations of that state, and this was the contention of the defendant there, but the court held otherwise, saying:—

"It was provided in the old code, section 121, that no action should abate by the death of a party, but that it might be continued in the name of the personal representative or successor in interest by motion made at any time within a year, or afterward, by supplemental complaint. The service of such complaint was not the commencement of a new action. It was a proceeding in an action which had been commenced and which was then pending. The action had been commenced within the year after the cause of action accrued, and it is impossible to perceive how any lapse of time, subsequent to the commencement of the action, could bar the action under a statute which prescribes a limit of time only before the commencement of the action." This reasoning is entirely applicable to the facts of

this case, and fully supports our conclusion that the filing of the supplemental complaint in this action was not the commencement of a new action, and that the original action having been commenced within the time limited by section 337 of the Code of Civil Procedure, the cause of action stated in the supplemental complaint is not barred by the provisions of that section.

Judgment and order reversed.

McFarland, J., and Fitzgerald, J., concurred.

Hearing in Bank denied.