[L. A. No. 21290. In Bank. Feb. 28, 1950.]

NATIONAL AUTOMOBILE AND CASUALTY INSUR-
ANCE COMPANY (a Corporation), Appellant, v.
FANNIE S. AINGE, Individually and as Executrix, etc.,
Respondents.

Robert McWilliams for Appellant.

Reginald I. Bauder, W. I. Gilbert, Jr., Roger E. Kelly, Henry F. Walker and Everett W. Thompson for Respondents.

SHENK, J.—This is an appeal by the plaintiff from a judgment dismissing the action.

The plaintiff is an insurance carrier. It paid workmen's compensation to an employee who was injured on March 27, 1942. It seeks reimbursement from the alleged wrongdoer under sections 3850 to 3862 of the Labor Code. It is claimed that the employee was injured by Gilbert Ainge who negligently ran over the employee with an automobile. Gilbert Ainge died on October 27, 1942. Fannie Ainge is sued as executrix of his estate. In a second cause of action directed against her individually it is alleged that she partly owned the automobile and that Gilbert Ainge was driving it with her consent. A general demurrer to both causes of action was sustained. Plaintiff declined to amend, and judgment of dismissal was entered pursuant to section 581(3) of the Code of Civil Procedure.

The demurrer to the cause of action against the defendant as executrix was sustained on the ground that the complaint failed to allege that a claim had been filed against the estate. If filing a claim was necessary, the demurrer was properly sustained. *Morrison* v. *Land* (1915), 169 Cal. 580, 585 [147 P. 259]. The plaintiff argues that filing a claim was not necessary.

Section 716 of the Probate Code provides: ''No holder of a claim against an estate shall maintain an action thereon,

unless the claim is first filed with the clerk or presented to the executor or administrator, except . . .." The exception is not pertinent here. The defendant contends that this section prescribes a general rule applying to all types of claims. The plaintiff contends that it is limited by section 707 to cover only claims arising upon contract and that no claim need be filed here because the claim sounds in tort.

That section 716 applies only to contract claims would seem to follow from a consideration of its historical background and from its application generally. The section is found originally in the Probate Act of 1851 (Cal.Stats. 1851, p. 448, c. 124). The act set out the basic plan which is still in effect for payment of claims in probate. In the chapter on claims the opening section (§ 128—now Prob. Code, § 700) provided for publication of "notice to the creditors of the deceased, requiring all persons having claims against the deceased to exhibit them with the necessary vouchers, within ten months. . . ." The sections that followed related to the type of claim dealt with in that opening section. Section 130 (now Prob. Code, § 707) provided, "If a claim be not presented within ten months . . . , it shall be barred forever. . . ." Section 132 (now § 710) provided for the manner of approving or rejecting a "claim." Section 134 (now § 714) said that if "a claim is rejected . . . , the holder shall bring suit . . . within three months . . ., otherwise the claim shall be forever barred" Section 136 contained what now appears in section 716 (quoted above). From the statute it is clear that the Legislature was dealing only with claims of "creditors" as stated in the opening section. Though the language was reasonably clear, some early cases hinted that tort claims must be presented. *Eustace* v. *Jahns* (1869), 38 Cal. 3; *Coleman* v. *Woodworth* (1865), 28 Cal. 567. However all doubt was removed by the code amendments of 1873-1874 when what is now section 707 of the Probate Code was amended to read, "If a claim arising upon a contract heretofore made, be not presented . . . , it is barred forever. . . ." At the time the present action was commenced section 707 read, "All claims arising upon contract . . . must be filed . . . [A]ny claim not so filed . . . is barred forever. . . ." Thus it is apparent that only claims "arising upon contract" as stated in section 707 were dealt with. Defendant's argument that the word "claim" in section 716 applies to all types of claims ignores the context and legislative history.

Ever since what is now section 707 was amended to in-

clude the phrase "arising upon contract," it has been regarded as defining what claims are meant by the other sections. In most cases this is implicit in the court's discussion. See *Estate of Hincheon* (1911), 159 Cal. 755, 760 [166 P. 47, 36 L.R.A.N.S. 303] ; *Burke* v. *Maguire* (1908), 154 Cal. 456, 462 [98 P. 21] ; *Morse* v. *Steele* (1906), 149 Cal. 303, 304 [86 P. 693] ; *Bemmerly* v. *Woodward* (1899), 124 Cal. 568, 574 [57 P. 561] ; *Hibernia Sav. & L. Soc.* v. *Wackenreuder* (1893), 99 Cal. 503, 507 [34 P. 219] ; *Hays* v. *Bank of America* (1945), 71 Cal.App.2d 301, 303 [162 P.2d 679]. All of those cases discuss what are now sections 707 and 716. See also 11A Cal.Jur 682 et seq. Section 709 (requiring claims to be filed though action is pending) has been construed to be limited by section 707 to contract actions. *Thompson* v. *Byers* (1931), 116 Cal.App. 214 [2 P.2d 496] ; *Millar* v. *Millar* (1921), 51 Cal.App. 718, 728 [197 P. 811]. Furthermore, section 716 has never been regarded as a bar to several kinds of suits not founded on contract. For example see *Estate of Dutard* (1905), 147 Cal. 253, 256 [81 P. 519] (enforcing trust terms against property held by estate) ; *Kerns* v. *McKean* (1884), 65 Cal. 411 [4 P. 404] (suit to recover real property from decedent's estate under forfeiture provision of purchase contract) ; *Back* v. *Farnsworth* (1938), 25 Cal.App.2d 212 [77 P.2d 295] (replevin of specific property from estate) ; *Maguire* v. *Cunningham* (1923), 64 Cal.App. 536, 548 [222 P. 838] (action to quiet title to real property claimed by decedent). Finally *Leverone* v. *Weakley* (1909), 155 Cal. 395, 401 [101 P. 304] and *Hardin* v. *Sin Claire* (1896), 115 Cal. 460, 464 [47 P. 353] held that tort claims need not be filed. See, also, *Kagee* v. *Bencich* (1938), 27 Cal. App.2d 469, 472 [81 P.2d 265]. Defendant seeks to avoid the effect of the latter three cases because they did not discuss section 716. But their silence indicates again that section 707 is the section which defines the claims that must be filed.

Defendant argues that to limit section 716 to contract claims is to render it mere surplusage because section 707 provides that contract claims if not presented are "barred forever." But section 716 serves a distinct purpose. The original probate act set out a special procedure for paying claims by filing them with the executor. Section 130 (now § 707) provided a time limit for the availability of that special procedure. Section 136 (now § 716) dealt with regular civil suits and barred maintenance of them without first filing a claim. If the latter section were not present, a claimant could

ignore the special probate procedure and commence his action. See *Quivey* v. *Hall* (1861), 19 Cal. 97, 100, and *Pico* v. *De La Guerra* (1861), 18 Cal. 422, 431. See also 11A Cal.Jur. 831-835.

The defendant relies on two cases to support his contention that tort claims must be filed. In *George* v. *McManus* (1915), 27 Cal.App. 414, 418 [150 P. 73], the court mentioned in passing that section 716 applied to tort claims, although the issue was not before the court. In *Title Ins. & Tr. Co.* v. *Gould* (1920), 47 Cal.App. 533, 536 [191 P. 556], the court without discussion considered together a contract cause of action and a tort cause of action, holding both were defective because no claim was filed. Language in those cases inconsistent with the views herein expressed is disapproved.

Section 707 has been amended since this action was commenced. (Cal.Stats. 1949, p. 2400, c. 130.) It now requires the filing of claims in certain tort actions, including the type here involved. The amendment is immaterial in the present action, however, since it does not purport to have retroactive effect.

■ As an alternative the defendant contends that the plaintiff's claim is in reality founded on contract and therefore in any event is barred by section 716. The contention is without merit. It is true that the plaintiff is proceeding under an insurance contract. But the cause of action against the estate arose in tort. The language of section 707 referring to contracts means contracts with the decedent.

■ The demurrer to the cause of action against the defendant as an individual was properly sustained on the ground that the statute of limitations had run. Plaintiff concedes that the maximum statutory period would be three years (Code Civ. Proc., § 338(1)). On August 19, 1942, the Industrial Accident Commission made an award finding the plaintiff liable for workmen's compensation. Suit was filed March 31, 1948. At the latest, a cause of action arose on the date of the award. Under section 3852 of the Labor Code, a cause of action for reimbursement arises when the plaintiff "pays, or becomes obligated to pay compensation." Accordingly, it was not necessary that payments be made before plaintiff could sue. *Merino* v. *Pacific Coast Borax Co.* (1932), 124 Cal.App. 336, 344 [12 P.2d 458].

■ The statute of limitations had not run against the defendant as executrix even if a one-year period is considered (Code Civ. Proc., § 340(3)). Gilbert Ainge died October 27, 1942, less than one year after his alleged wrongful act. Letters testamentary were not issued until September 24,

1947. Section 353 of the Code of Civil Procedure suspended the running of the statute until letter testamentary were issued and gave the plaintiff one year thereafter to bring suit.

The judgment dismissing the action against Fannie Ainge as an individual is affirmed. The judgment dismissing the action against Fannie Ainge as executrix is reversed with directions to overrule the demurrer and to allow time to answer.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.