[Civ. No. 15130.   First Dist., Div. Two.   Nov. 26, 1952.]

THOMAS CASEY, Appellant, v. PHIL C. KATZ, as Administrator, etc., Respondent.

Lionel Browne and Harold A. Harwood for Appellant.

Henry F. Boyen, Frank J. Fontes and Douglas M. Moore for Respondent.

DOOLING, J.—Plaintiff brought an action for malicious prosecution against defendant as administrator of the estate of Harry Lasky, deceased. A demurrer to the amended complaint was sustained without leave to amend and from the judgment which followed this appeal was taken.

The amended complaint alleges that Lasky died on September 21, 1949, and that defendant was appointed administrator of his estate on October 19, 1949. It contains no allegation that a claim was filed or presented.

Prior to October 1, 1949, section 707 of the Probate Code did not require the presentation of claims grounded in tort against the estates of decedents. (*National Auto. & Cas. Ins. Co.* v. *Ainge,* 34 Cal.2d 806 [215 P.2d 13].) In 1949 however the Legislature amended section 707, Probate Code, to require the presentation of claims "for damages for physical injuries or death or *injury to property.*" (Emphasis ours.)

This action is based on the prosecution for battery of plaintiff on the complaint of the decedent in May, 1949, and the cause of action which survived decedent's death on September 21, 1949, is one for "injury to property." (*Hunt* v. *Authier,* 28 Cal.2d 288 [169 P.2d 913, 171 A.L.R. 1379]; *Moffat* v. *Smith,* 33 Cal.2d 905 [206 P.2d 353].) Since Probate Code, section 707 as amended requires the presentation of a claim "for injury to property" the cause of action in this case falls squarely within its terms. The date on which

the original complaint was filed does not appear in the transcript but since the appointment of defendant as administrator is alleged to have occurred on October 19, 1949, the original complaint must have been filed after the effective date of the amendment to Probate Code, section 707, which was October 1, 1949.

The 1949 amendment to Probate Code, section 707, is not to be given retroactive effect so as to apply to actions which had been commenced before it became operative (*National Auto. & Cas. Ins. Co. v. Ainge, supra,* 34 Cal.2d 810) but since it affects procedure only and not substantive rights it is properly applicable to all actions against representatives of decedent's estates commenced after its effective date.

No litigant has any vested rights in mere matters of procedure (*San Bernardino County v. Industrial Acc. Com.,* 217 Cal. 618, 628 et seq. [20 P.2d 673] ; *Arques v. National Superior Co.,* 67 Cal.App.2d 763, 778 [155 P.2d 643] ; *City of Los Angeles v. Oliver,* 102 Cal.App. 299, 315-316 [283 P. 298]) so long as an adequate remedy remains (*Kerchoff-Cuzner Mill & Lbr. Co. v. Olmstead,* 85 Cal. 80 [24 P. 648] ; *Lantz v. Fishburn,* 17 Cal.App. 583, 590 [120 P. 1068]). This rule finds frequent application where existing statutes of limitations are shortened or new ones adopted (5 Cal.Jur., Constitutional Law, § 148, pp. 755-756) and "(c)onditions precedent to the maintenance of causes of action that have already accrued may be imposed by the legislature, where the requirements operate only as reasonable restrictions on the exercise of the right to sue." (16 C.J.S., Constitutional Law, § 258, p. 680; *Hewitt Logging Co. v. Northern Pac. Ry. Co.,* 97 Wash. 597 [166 P. 1153, 3 A.L.R. 198] ; *Lamburth v. Winchester Ave. R. Co.,* 76 F. 348.) In this case appellant had the full time allowed by Probate Code, section 707, within which to present the required claim so that it is not open to him to argue that the time actually available was unreasonably short.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.