331 P.2d 595

George H. BRAINARD, Appellant,

v.

Charles N. WALTERS, as Administrator of
the Estate of Neil R. McLeod,
deceased, Appellee.

No. 6248.

Supreme Court of Arizona.

Nov. 12, 1958.

Rehearing Denied Nov. 28, 1958.

Mallamo & Parry, of Phoenix, for appellant.

Kramer, Roche & Perry, of Phoenix, for appellee.

WINDES, Justice.

So far as necessary for a solution of the problem presented by this appeal, the facts are that there was a collision between an automobile owned and operated by appellant George H. Brainard and a car being driven by one Neil R. McLeod resulting in McLeod's death and damage to Brainard's car. Without presenting any claim to the appellee, Charles Walters, administrator of McLeod's estate, and after the statutory time for the presentation of claims had expired, the appellant filed suit against the administrator for damages to his automobile alleging negligence of decedent in the operation of his car. Upon the administrator's motion the complaint was dismissed. Brainard appeals.

Concededly, except for the failure to allege the presentation of a claim to the administrator prior to filing suit, the complaint states facts that would, if proven, warrant relief. Consequently the only problem for solution is whether one having a claim based on a tortious act of the character alleged in this complaint is barred unless a claim is filed with the administrator as required by the statute.

An answer to the question calls for an interpretation of sections 14–570, 14–577 and 14–576, A.R.S. These sections so far as applicable read:

Section 14–570.

"A. All claims arising upon contracts, whether due, not due or contingent, shall be presented to the executor or administrator within the time limited in the notice to creditors, and any claim not so presented is barred forever, * * *."

Section 14–577.

"The holder of a claim against an estate shall not maintain an action thereon unless the claim is first presented to the executor or administrator, * * *."

Section 14–576.

"If an action is pending against decedent at the time of his death, plaintiff shall in like manner present his claim to the executor or administrator for allowance or rejection as required in other cases. No recovery shall be had in the action unless proof is made of the presentation."

Appellant says that these statutes properly construed apply only to claims arising upon contract and have no application to unliquidated tort claims. Appellee argues to the contrary that all claims liquidated or unliquidated (with exceptions not material in the instant case) are barred unless presented to the administrator within the prescribed time for presentation of creditors' claims.

We have no case from this jurisdiction exactly in point but so far as we have been able to discover, other jurisdictions with the same statutory provisions have ruled that the statute only applies to claims arising upon contract and there is no necessity of presenting to the administrator claims founded on the tortious act of the decedent. *National Automobile & Casualty Ins. Co. v. Ainge,* 34 Cal.2d 806, 215 P.2d 13; *Hornbeck v. Richards,* 80 Mont. 27, 257 P. 1025; *Becker v. State ex rel. Dept. of Public Welfare,* Okl., 312 P.2d 935. The California supreme court said [34 Cal.2d 806, 215 P.2d 15]:

"Ever since what is now section 707 was amended to include the phase (sic) 'arising upon contract', it has been regarded as defining what claims are meant by the other sections."

Montana says [80 Mont. 27, 257 P. 1027]:

"While a claim against an estate predicated on contract with the deceased must be presented to the executor or administrator as a condition precedent to suit (citing cases), it is not necessary to so present a claim for damages, because of wrongful acts of the decedent in his lifetime, as a condition precedent to the institution of an action to recover same. * * *

"It is perfectly clear to us from the language employed throughout that it was never the intention of the lawmakers that the statutes should be applied to unliquidated claims arising in consequence of torts alleged to have been committed by the decedent in his lifetime."

Oklahoma states [312 P.2d 940]:

"We conclude that since the action of the State was based upon fraud, it was not necessary that its claim be presented to the legal representative of the estate of George and Pauline Becker, deceased, before suit could be properly filed thereon."

We agree with the interpretation placed upon these statutory provisions.

Appellee contends that our decision in Latham v. McClenny, 36 Ariz. 337, 285 P. 684, is authority for the proposition that all claims irrespective of their basis, whether contract or tort, are barred unless presented to the administrator for action before suit is filed. We do not so interpret the decision. We held in that case that where a trustee converted trust funds and it was impossible to follow and recover the identical funds or the product thereof, an injured beneficiary of the trust must present his claim against the estate for allowance. Such is the general rule but it is based upon the reasoning that under such circumstances the trustee is indebted to the beneficiary for not having accounted to him and it is in the nature of a debt based upon contract. If a trustee withholds money from a beneficiary the latter may recover on the common counts. 54 Am.Jur., Trusts, section 576, page 446. The trustee may be sued for money had and received. Independent School Districts, etc. v. Common School Districts, 56 Idaho 426, 55 P.2d 144, 105 A.L.R. 1267. These are actions based on contract. This principle was well stated long ago in Lathrop v. Bampton, 31 Cal. 17. In enunciating the status of a beneficiary in the event a trustee breaches the trust and the trust property cannot be recovered, the court stated the injured one is forced to rely upon the personal liability of the trustee and:

"When thus forced to rely upon the personal liability of the trustee, a cestui que trust occupies a position towards the estate of the trustee which is not better, but is identical with that of a simple contract creditor."

We cannot accept the Latham case as holding that unliquidated claims founded on tort are barred unless such claims are presented to the administrator before filing suit.

Our view is that appellant was not required to first present his claim to the administrator and for this reason the judgment of the lower court is reversed with instructions to reinstate the complaint.

UDALL, C. J., and PHELPS, STRUCKMEYER and JOHNSON, JJ., concurring.