[Civ. No. 26316. Second Dist., Div. Three. June 28, 1963.]

THE FIDELITY & CASUALTY COMPANY OF NEW YORK, Plaintiff and Appellant, v. DORIS LOUISE McMURRY, as Administratrix, etc., Defendant and Respondent.

Weingand, Tipton, Kendig & Stockwell and Eugene L. Stockwell, Jr., for Plaintiff and Appellant.

Parker, Stanbury, McGee, Peckham & Garrett and Francis J. Cronin for Defendant and Respondent.

FORD, J.—This is an appeal by the plaintiff from a judgment entered after the general demurrer of the defendant as administratrix to the complaint had been sustained without leave to amend on the ground that there was no allegation that a claim against the estate of Joe Leonard McMurry, deceased, had been filed or presented.[1]

In the complaint, which was filed on June 30, 1961, it was alleged that the plaintiff was a corporation engaged in the business of insurance and authorized to do business in the State of California. It was further alleged that while Ernest Cotton was driving a truck for his employer on or about August 21, 1958, Joe Leonard McMurry "did so carelessly and negligently operate . . . his said vehicle so as to cause the vehicle to . . . collide with the vehicle being operated" by Mr. Cotton. The plaintiff corporation, which was the workmen's compensation insurance carrier for Mr. Cotton's employer, "assumed the liability of said employer to said employee for all benefits payable to and on behalf of said employee for medical expenses and compensation benefits . . . ." It was further alleged as follows: "That pursuant to the Workmen's Compensation laws of the State of California, plaintiff has paid the sum of $2,208.69 for medical expenses in behalf of the said ERNEST COTTON and has paid to, or become obligated to pay to the said ERNEST COTTON the sum of $2,750.00 as compensation; that the medical expenses for the said ERNEST COTTON are continuing . . . ." While there was no direct allega-

---

[1]The order sustaining the demurrer without leave to amend was made on November 28, 1961. A notice of appeal "from the judgment . . . sustaining defendant's demurrer to plaintiff's complaint on the 28th day of November, 1961," was filed on December 6, 1961. The clerk's transcript does not disclose that a judgment was entered. However, the augmented record shows that a judgment in favor of the defendant was filed on December 18, 1961, and entered on December 26, 1961. In the exercise of our discretion pursuant to rule 2(c) of California Rules of Court (formerly Rules on Appeal, rule 2(c)), we treat the notice of appeal as having been filed immediately after entry of the judgment. (See *Shepardson* v. *McLellan*, 59 Cal.2d 83, 88-89, 90 [27 Cal. Rptr. 884, 378 P.2d 108].) While the notice of appeal is not a model of draftsmanship, we treat it as sufficient under the governing law which is stated as follows in *Luz* v. *Lopes*, 55 Cal.2d 54 [10 Cal.Rptr. 161, 358 P.2d 289], at page 59: " . . . it is and has been the law of this state that notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced."

tion as to the death of Mr. McMurry, it was alleged that Doris Louise McMurry had been appointed as the administratrix of his estate. It is conceded by the appellant that no claim against the estate with respect to the sums sought to be recovered had been filed or presented within the statutory period of time.

The plaintiff's cause of action is based on section 3852 of the Labor Code. That section is as follows: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, may likewise make a claim or bring an action against such third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension, or other emolument paid to the employee or to his dependents." ▆▆▆ As used in that section of the code, the term "employer" includes the insurance carrier for the employer. (Lab. Code, §§ 3850, 3211.)

▆▆▆ Consideration of the nature of the employer's right of action under the provisions of section 3852 of the Labor Code for the damages sustained by the employer leads to the conclusion that it is one for the recovery of damages for injury to property. (See *City of Los Angeles* v. *Howard,* 80 Cal.App. 2d 728, 730 [182 P.2d 278].) Support for that conclusion is found in the reasoning of the Supreme Court in *Morris* v. *Standard Oil Co.,* 200 Cal. 210 [252 P. 605], wherein it was stated as follows (p. 214): "The cause of action here assigned is not one arising in favor of the employee by reason of his injuries, but out of the obligation imposed by the Workmen's Compensation Act on the Oil Company, *which caused a property injury to the employer,* to reimburse the employer, or its subrogated insurance carrier, for the amount of disability indemnity paid the employee. It must not be confused with those peculiarly personal causes of action arising out of injuries to the body or feelings of the person injured, which are not assignable." (Italics added.)

Prior to the amendment in 1961 of section 707 of the Probate Code, that section was in part as follows: "All claims arising upon contract, whether they are due, not due, or contingent, and all claims for funeral expenses *and all claims for damages for physical injuries or death or injury to prop-*

*erty or actions provided for in section* 574 *of this code,* must be filed or presented within the time limited in the notice or as extended by the provisions of section 702 of this code; and any claim not so filed or presented is barred forever, unless it is made to appear by the affidavit of the claimant to the satisfaction of the court or a judge thereof that the claimant had not received notice, by reason of being out of the State, in which event it may be filed or presented at any time before a decree of distribution is rendered.'' (Italics added.) The italicized words were added to the section by the Legislature in 1949. In the case of *National Auto & Cas. Ins. Co.* v. *Ainge,* 34 Cal.2d 806 [215 P.2d 13], the Supreme Court held that prior to that amendment it was not necessary to file or present a claim before maintaining an action of the nature of that now before this court. By way of dictum, however, the Supreme Court stated (34 Cal.2d, at p. 810): ''Section 707 has been amended since this action was commenced. (Cal. Stats. 1949, ch. 130, p. 2400.) It now requires the filing of claims in certain tort actions, including the type here involved.'' (See also California Workmen's Compensation Practice (Cont. Ed. Bar) § 19.10, p. 601.) There is no reason to question the soundness of that conclusion. (Cf. *Casey* v. *Katz,* 114 Cal.App. 2d 391, 392 [250 P.2d 291].) The plaintiff has made no contention that it could not have timely filed or presented a claim if it had been aware that section 707 of the Probate Code was applicable. Since, under the governing law, it was necessary to file or present such a claim, the demurrer was properly sustained. (See *National Auto & Cas. Ins. Co.* v *Ainge, supra,* 34 Cal.2d 806, 807.)

The judgment is affirmed.

Shinn, P. J., and Files, J., concurred.