489 P.2d 262

**Harold I. TEEL and Eleanor Jean Teel, his wife, Appellants,**

**v.**

**Mary Elizabeth Adams BARTH, Administratrix of the Estate of Willard Eugene Barth, Deceased, and Mary Elizabeth Adams Barth, Appellees.**

**No. 10347.**

Supreme Court of Arizona, In Banc.

Oct. 5, 1971.

Skeens & Salcito by Daniel R. Salcito and Robert K. Corbin, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Ralph Hunsaker, Phoenix, for appellees.

·HAYS, Vice Chief Justice.

: Appellants, Harold I. Teel and Eleanor Jean Teel, are seeking to recover damages for personal injuries sustained when their automobile collided with an automobile· driven by Willard Eugene Barth. The accident occurred on February 20, 1969. Barth having died in the accident, the action was brought against Mary Elizabeth Adams Barth, the administratrix of Barth's estate.

Shortly after the accident, appellants' attorney began negotiating with the adjuster of Willard Barth's insurance company. Negotiations continued until August 22, 1969, at which time an appointment was scheduled between the two to discuss settlement of the matter. This appointment was cancelled by the insurance adjuster. · On August 27, 1969, the estate of Willard Barth was closed, a final accounting having been entered on that date. Two days later, on August 29, 1969, the adjuster called appellants' attorney and stated that the insurance company was rejecting a settlement of the matter, stating as a defense "unavoidable accident." Appellants thereafter filed their complaint for damages on October 27, 1969.

Mary Elizabeth Barth, appellee, moved for dismissal of the suit on the ground that the closing of decedent's estate before the filing of the appellants' complaint left appellants with no cause of action remaining. The trial court having heard oral argument and considered written memoranda, ordered that the complaint be dismissed.

The sole issue on appeal is whether, in fact, the closing of Willard Barth's estate should operate as a bar to appellants' tort action.

The appellee argues that the claim cannot be allowed and cites a Court of Appeals decision, State ex rel. Industrial Commission v. Smith, 6 Ariz.App. 261, 431 P.2d 902, in support thereof. In that case the plaintiff's petition to reopen a decedent's estate so that he could file a tort claim against it was denied. The Court of Appeals characterized the entry of a decree making final· distribution of an estate as a judgment in rem which could not be set aside except for extrinsic fraud.

We have previously held that there is no statutory requirement that tort claims be filed with the estate of a decedent. Brainard·v. Walters, 85 Ariz. 60, 331 P.2d 595. In the *Brainard* case we permitted the filing of a tort action after the time for filing claims had expired. The facts of this case, however, go one step farther, in that not only has the period for filing claims expired but the estate has been closed.

We do not disagree with the general principles of law enunciated in State ex rel. Industrial Commission v. Smith, *supra*, but we do feel that under the specific facts of this case relief must be accorded to appellants. The course of conduct of the parties seem to indicate that although there was no fraud in the closing of the estate there was an overreaching by the insurance adjuster in lulling the appellant by negotiations until the estate could be closed. The decedent purchased insurance to protect the public against his negligent acts as a driver. This fund should be available to the appellants for their relief if such negligence is established.

Since we find no reprehensible dilatoriness on the part of the appellants, nor failure to proceed in a reasonable manner, the

action of the trial court in dismissing appellants' complaint is reversed, the complaint is reinstated, and the cause is remanded for further proceedings.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and CAMERON, JJ., concur.