[Civ. No. 1128. Fourth Appellate District.—November 7, 1934.]

CORA M. McCALL, Appellant, v. T. D. McCALL, Respondent.

Cora M. McCall, *in pro. per.,* and Ray D. Johnson and D. C. Collier for Appellant.

M. W. Conkling for Respondent.

BARNARD, P. J.—The plaintiff and the defendant, while living together as husband and wife, acquired several hundred acres of land in what is now Imperial County. On April 4, 1925, they entered into a partnership with two brothers of the defendant and their wives with the purpose of improving this land by setting out trees or vines thereon, and of subdividing and selling the same in parcels. The partnership agreement provided that the plaintiff and defendant should convey the land to a corporate trustee, to facilitate the making of deeds to parties purchasing portions thereof; that the other partners should furnish funds with which to care for the groves to be planted and with which to pay the costs of subdividing and other expenses; and that all proceeds, after paying the obligations of the partnership, should be applied as follows: (1) The other partners were first to receive all moneys advanced by them, without interest. (2) The plaintiff and defendant were next to receive $200 per acre for the land turned over to the partnership business. (3) All remaining profits realized were to be divided and one-third thereof paid to each couple, as joint tenants with the right of survivorship. In pursuance of this agreement, the land was deeded by the plaintiff and defendant to a corporate trustee which still holds the legal title. Part of the land was improved and some parcels were sold on contract, but it appears that in each case the buyer defaulted and the land went back. Subsequently, the defendant purchased, apparently with partnership funds, the partnership interests of his brothers and their respective wives and the corporate trustee is now holding title to the land in trust for the parties to this action.

This is an action for divorce on the ground of cruel and inhuman treatment. An interlocutory decree of divorce was entered in favor of the plaintiff and the court found, with reference to the property, that the parties are the owners of all the property which was formerly owned by the "McCall Brothers, a copartnership"; that this copart-

nership had been dissolved more than one year theretofore; and that all of the property owned by the parties was acquired after their marriage and is community property. The court ordered the property divided equally between the parties, and the plaintiff has appealed from that portion of the interlocutory decree which affects the property rights of the parties.

The only point raised is that the evidence does not support the findings and judgment to the effect that the equitable interest of the parties in this property is community property. The appellant argues that it conclusively appears from the partnership agreement and from the conveyance of the land to the trustee, in pursuance of that agreement, that the interests of these parties were transmuted from community into separate property, and that she thereby acquired a one-sixth interest in the partnership property as her separate property and also a community interest in the copartnership interest held by her husband.

■ All property held by a husband and wife in this state is either separate property or community property (*Siberell* v. *Siberell*, 214 Cal. 767 [7 Pac. (2d) 1003]). Community property invested by one of the spouses in a partnership enterprise with another remains community property (*Hulsman* v. *Ireland*, 205 Cal. 345 [270 Pac. 948]). ■ There can be no difference in this respect where both husband and wife enter into such a partnership venture with other parties, investing their community property therein. Such an interest in a partnership is not a new kind of property, but takes its character, as separate or community, in accordance with how and when it was acquired. While a husband and wife may by agreement change their community property into separate property, no such agreement appears in this partnership agreement in so far as the land put into the partnership by these parties is concerned. While the partnership agreement provided that any profits which might accrue and be distributed to these parties should be received by them as joint tenants, no such a situation ever arose. There was no joint tenancy agreement with respect to the value of the land put into the partnership by these parties, which value was fixed by the agreement and was never paid. And before the profit stage was reached the partnership was dissolved. In

our opinion, this partnership agreement worked no such a transmutation as that contended for by the appellant, with reference to the property of which these parties are now the equitable owners, and the same remained community property if such it was at the time it was turned over to the partnership.

At the conclusion of the oral argument the appellant was granted permission to file an additional brief. A brief was filed containing further argument on the original point raised and, in addition, raising for the first time the point that a part of the land in question was originally patented to the appellant, that it is therefore presumed that this land is her separate property, and that there is no evidence to overcome this presumption. The complaint filed by the appellant alleged that all of the property owned by her and her husband had been acquired since their marriage and was community property. In an amended complaint it was alleged that all of this property was, up to April 4, 1925, community property and that on that date she and her husband entered into the partnership agreement above referred to. In an amended answer the respondent alleged that all property owned by the parties had been acquired after their marriage, through their joint earnings and that the same was community property. So far as the property is concerned, the only issue at the trial was as to whether this partnership agreement had changed property which was theretofore community property into separate property. The point now raised was not included in the statement of questions involved, which is set forth on the first page of the appellant's opening brief, as required by section 2 of rule VIII of the rules governing this court. Neither in the appellant's opening brief nor in a supplemental brief filed by her nearly nine months later was this point mentioned, and the same may not be raised now for the first time, especially where a different situation was pleaded and where the trial was had upon another theory entirely.

A motion for diminution of the record was taken under advisement, to be considered when the case was reached on its merits. The matter sought to be included in the record could have no possible effect on the outcome and the motion should be denied.

The motion for diminution of the record is denied and the judgment is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 3, 1935.