[Civ. No. 19476.   Second Dist., Div. One.   June 16, 1953.]

ARGUELLO ESTATE PROTECTIVE ASSN. et al., Respondents, v. JAMES N. CROFTON et al., Defendants; Estate of JUAN B. BANDINI, Deceased, Appellant.

Clifford Thoms, David L. Sefman and Montgomery G. Rice for Appellant.

J. Marion Wright, Owen E. Kupper and Wapner & Wapner for Respondents.

DORAN, J.—The original complaint for declaratory relief and accounting was filed on June 10, 1947, during the lifetime of Juan B. Bandini, who filed an answer and was represented

by counsel during all proceedings prior to Mr. Bandini's death on February 3, 1950. The gist of the complaint is that Juan B. Bandini was one of the heirs of Santiago and Pilar Arguello who were grantees of certain land by original grant from the Mexican Government; that plaintiffs, by virtue of assignment, are vested with an undivided one-half interest in all moneys, rents, issues, profits and benefits which might result from the use, occupation, lease or sale of the described lands, and that plaintiffs are entitled to an accounting in respect to such profits.

The case was tried in June, 1949, and Judge Carl A. Stutsman decided in favor of the plaintiffs, respondents herein. By interlocutory decree the defendant heirs, including Juan B. Bandini, were ordered to render an accounting as to rents received. Following Mr. Bandini's death on February 3, 1950, letters testamentary were issued to John W. Bandini, and on June 19, 1951, as a result of a contested motion, the trial court ordered the substitution of such executor in place of Juan B. Bandini, deceased. The executor was thereafter granted permission to file an amended and supplementary answer, which raised as a special defense, the fact that plaintiffs had failed to file a creditor's claim in the Bandini estate. This accounting phase of the case was then tried before Judge Daniel N. Stevens who rendered judgment against the estate in the sum of $15,450.

Appellant's first contention is that "The complaint fails to state a cause of action in favor of plaintiffs or any of them against Juan B. Bandini or against this appellant," the executor of the Bandini estate. Among other things, appellant complains that a certain "Confirmation and Substitution Contract," attached as an exhibit to the complaint, refers to the Arguello Estate Protective Association as a corporation, and that the complaint fails to show that the individual plaintiffs ever became vested with any rights thereunder. It is further insisted that plaintiffs possess no rights because such contract "superceded and replaced all previous agreements and contracts."

As respondents' brief states, the trial court expressly found that Arguello Estate Protective Association "is an unincorporated association," and that the decedent Juan B. Bandini had "duly assigned, transferred and set over unto plaintiffs and to their predecessors in title, for valuable considerations, an undivided one-half interest in and to all moneys, rents, issues and profits."

The pleadings appear to state a cause of action. The find-

ings of fact cover the pleaded issues and fully support the judgment for declaratory relief and accounting. ██ Any defect in the pleadings, or variance between pleading and proof in reference to corporate or noncorporate status of the Association, or other subjects, cannot be deemed fatal unless it be made to appear that such matter "has misled the adverse party to his prejudice." (*Stebinger* v. *Warden*, 109 Cal.App.2d 200, 201 [240 P.2d 334].) ██ Also, any such variance would be waived unless the objection were duly made at the trial, and the record herein fails to show such an objection. Likewise, the record discloses no prejudicial effect in reference to any of appellant's substantial rights.

Appellant insists that the proceedings substituting the executor of the Bandini estate in place of the defendant Juan B. Bandini who had died subsequent to entry of judgment establishing liability and ordering an accounting to determine the amount thereof, were irregular. As hereinbefore stated, a motion for such substitution was duly made and granted, and thereafter the executor filed an amended and supplementary answer and participated in all proceedings.

The trial court found that "during the pendency of this action, the defendants . . . Juan B. Bandini . . . have died and that their respective legal representatives have been duly and regularly substituted in this action by the order of court." Any irregularity in the substitution procedure, or the fact that plaintiffs did not file a supplementary complaint naming the substituted executor as a party defendant, must be deemed harmless to appellant, particularly in view of the fact that the estate filed an answer which by reference incorporated the original answer of Juan B. Bandini.

What may be designated as appellant's main contention is the objection that respondents failed to file a supplementary complaint alleging the presentation to the estate of a creditor's claim, and a rejection thereof. Appellant insists that the filing of such a claim "is essential to litigation against an estate." It is conceded that no such claim was ever filed by respondents.

The plaintiffs' cause of action herein is based upon ownership resulting from the assignment of a one-half interest in rents and profits. During the lifetime of Juan B. Bandini, the trial court by interlocutory judgment confirmed plaintiffs' alleged ownership and determined Bandini's liability, ordering the usual accounting for the purpose of ascertaining the exact amount of accrued rents and profits. This account-

ing did not take place until after the death of Mr. Bandini and the substitution of appellant executor by court order. As mentioned, the Bandini estate filed an answer and actively participated in the accounting trial.

■ Plaintiff's action was correctly denominated as one for "Declaratory Relief and Accounting," and there is nothing in the record to indicate that the issues were tried upon any other theory. The plaintiffs were not claiming any moneys belonging to the Bandini estate but merely sought a judicial ascertainment of the extent of a half ownership of rents and profits, moneys which never became any part of the estate.

The trial court found that no claim had been filed with the estate for these rents and profits, and that the period for filing claims had expired. A conclusion of law follows: "that the provisions of California Probate Code, section 700 and following, relating to the filing of creditors' claims in estates of decedents, have no application to the plaintiffs' cause of action and plaintiffs were not required to file creditors' claims in the probate proceedings."

A survey of the cases and analogy to be drawn therefrom, indicates that the trial court's conclusion was correct and that appellant's contentions cannot be sustained. Probate Code, section 707, provides that "All claims arising upon contract whether they are due, not yet due or contingent . . . must be filed or presented within the time limited in the notice or as extended by the provisions of Section 702 of this Code and any claim not so filed or presented is barred forever." This section was amended in 1949, long after the filing of plaintiffs' action, to include "all claims for damages for physical injury or death, or injury to property, or actions provided for in Section 574 of this Code," which latter named section relates to actions for conversion.

Appellant argues that "since the claims of plaintiffs arose, if at all, upon contract," and no claims were filed in probate, there can be no recovery. Cited in support of this assertion is *Hays* v. *Bank of America*, 71 Cal.App.2d 301 [162 P.2d 679], an action for overtime wages, where it was held that the filing of a claim was necessary since the action was "based on the contracts of employment, or at least contingent thereto." Since plaintiffs in the present case are not seeking to recover wages of any kind, the Hays case is of no particular assistance. Likewise, other cases such as *Lesser* v. *Pomin*, 3 Cal.App.2d 117 [39 P.2d 451], and *Joost* v. *Castel*, 33 Cal.

App.2d 138 [91 P.2d 172], although involving recovery of rentals, were in no manner similar to the present situation where the rentals were not due from the decedent but had been collected from other persons, lawfully belonged to plaintiffs and were withheld by the estate which owned no interest therein.

Although there appear to be no California cases which deal with the exact factual situation here involved, it has been held, as in *McKay* v. *Security-First Nat. Bank*, 35 Cal.App.2d 349 [96 P.2d 376], that "A claimant of specific property cannot properly be called a creditor and need not present any claim." That case involved a nonnegotiable note, payable out of a one-third interest in oil royalties, and in so ruling the court said: "The filing of the claim against the estate of decedent is immaterial to our consideration. At no time was the contention made by plaintiff that he had any right to receive payment . . . from the general estate of the decedent or from any fund other than the portion of the oil royalties conveyed by the note and order. . . ." (*Estate of Dutard*, 147 Cal. 253 at 256 [81 P. 519].) This reasoning may well apply to the present controversy where plaintiffs claim nothing from any estate funds. The appellant's attempts to explain and distinguish such decisions from the present case are not persuasive.

A further contention is presented that "if plaintiffs' claims are for damages for conversion, they come specifically under Probate Code, Sections 707 and 574 and were barred" by failure to file a creditors' claim, the 1949 amendment having included actions for conversion. Prior to such amendment the filing of a claim in conversion cases was not required.

The respondents' brief answers this argument by noting that the action was instituted in 1947 before such amendment had been enacted, and that therefore, as said in *National Automobile & Casualty Ins. Co.* v. *Ainge*, 34 Cal.2d 806, 810 [215 P.2d 13], the requirement "is immaterial in the present action, however, since it (the amendment of section 707) does not purport to have retroactive effect." This holding is followed in *Casey* v. *Katz*, 114 Cal.App.2d 391, 393 [250 P.2d 291], where it is held that the 1949 amendment to section 707 of the Probate Code, "is not to be given retroactive effect so as to apply to actions which had been commenced before it became operative."

The judgment is affirmed.

White, P. J., concurred.