[Civ. No. 16154. Third Dist. Dec. 21, 1978.]

LOUIS R. KENWORTHY, as Executor, etc., Plaintiff and Appellant, v. ALICE V. HADDEN et al., Defendants and Respondents.

**COUNSEL**

Roy A. Weaver, Eric R. LaForge and Jones, Lane, Weaver & Webster for Plaintiff and Appellant.

Bush, Ackley, Milich & Hallinan, Leo Milich, Benjamin Winslow and Winslow & Schmidt for Defendants and Respondents.

## OPINION

**REYNOSO, J.**—Community property is invested in a partnership composed of husband and a person other than his wife. The wife, who enjoys a present existing interest in her husband's partnership interest, dies and leaves her interest in that property to several devisees. Do they enjoy a present existing interest as she did? That is, are they owners of that interest? Or, do they have a mere money claim? Under the facts of this case, we conclude that the devisees have a present interest and not a mere money claim.

Appellant Louis R. Kenworthy, as executor of the last will and testament of Louis C. Kenworthy (Louis), appeals from a judgment of the trial court ordering him to account for and pay over to respondents (the devisees) one-fourth of the undistributed net profits of decedent's partnership and one-fourth of the net worth of said partnership upon liquidation and winding up of the partnership. Appellant's sole contention is that respondents' claim is barred by their failure to file a claim in the probate proceedings in the estate of Louis C. Kenworthy pursuant to Probate Code sections 707 and 732.

Respondents, in addition to their response on the merits, urge upon us that the appeal be dismissed because appellant consented to the judgment.

I

Louis and Opal B. Kenworthy (Opal) were married in August 1935. The marriage continued until Opal's death in 1966. Opal left a last will and testament which was admitted to probate on September 13, 1966. The decree of distribution, among other things, distributed an undivided one-fourth of the rest, residue and remainder of the estate including Opal's community property interest in a partnership, Kenworthy and Patterson, consisting of Louis C. Kenworthy and C. L. Patterson, each having a 50 percent interest therein. The appraised value of the estate's interest in the partnership was $146,262.62.

The Kenworthy and Patterson partnership had been in existence since October 1936. Louis' interest in the partnership was community property. Subsequent to Opal's death, the partnership continued in the possession of the partnership property and continued in operation. At all times after Opal's death, Louis acknowledged respondents' claim to a one-half

interest in his share of the partnership. Accordingly, he paid respondents one-fourth of the profits of the partnership and one-fourth of the net proceeds upon the sale of a partnership asset. During Louis' lifetime neither he nor the respondents commenced any legal proceeding regarding their claim in his share of the partnership property.

Louis died in January 1973. His last will and testament was admitted to probate on February 15, 1973. Appellant Louis R. Kenworthy is the executor of Louis' last will and testament. The time period for filing claims against the estate expired. The respondents did not file a claim against the estate.

On August 27, 1973, appellant filed a complaint for declaratory relief, seeking a declaration that the respondents have no claim, right, title or interest against or in the estate of Louis C. Kenworthy. Both appellant and respondents filed motions for summary judgment. The trial court denied appellant's motion and granted respondents' motion, ruling that respondents are entitled to one-fourth of the undistributed income and net value on liquidation of the partnership.

On May 6, 1974, appellant filed a notice of motion to reopen and reconsider the matter. The trial court granted the motion to reopen and reconsider and set aside its ruling on summary judgment. The court held that there remained a triable issue of fact, but ruled against the appellant on his contention that respondents were barred from asserting a claim for failure to file a claim in the probate of the estate. The triable issue was whether Opal's interest was community property. The parties stipulated that it was. The court ordered that in further proceedings the issue of filing a Probate Code claim would be deemed established in favor of respondents. The parties thereafter stipulated that the court enter findings of fact and conclusions of law and judgment against appellant. Judgment was entered pursuant to stipulation on May 17, 1976.

II

■ We deal first with respondents' assertion that the appellant cannot maintain this appeal since he consented to the judgment entered against him.

It is an elementary rule that a judgment or order will not be disturbed on an appeal brought by a party who consented to the judgment. A stipulation is a consent within the meaning of this rule. (*In re Marriage of*

*Carter* (1971) 19 Cal.App.3d 479, 488 [97 Cal.Rptr. 274]; *Atchison, T. & S.F. Ry. Co.* v. *Hildebrand* (1965) 238 Cal.App.2d 859, 861 [48 Cal.Rptr. 339]; *Brooms* v. *Brooms* (1957) 151 Cal.App.2d 351, 352 [311 P.2d 567].)

The consent to the entry of judgment as a formal matter of procedure after an issue has been regularly determined against a party does not deprive him of the right of appeal. (*Grant M. Park* v. *Robla School Dist.* (1939) 33 Cal.App.2d 528, 531-532 [92 P.2d 499].) Where it appears from the record that consent was given merely *pro forma* to facilitate an appeal the party will not lose his right to be heard on appeal. (*Mecham* v. *McKay* (1869) 37 Cal. 154, 159.)

In the proceeding in the trial court appellant's major contention was that any claim of the respondents in the partnership was barred by their failure to file a creditor's claim under Probate Code sections 707 and 732. When the trial court granted the motion to reopen and reconsider another issue, it specifically ruled against appellant on that issue. That issue having been determined against him, appellant elected not to go to trial on other issues and stipulated to the judgment. From our review of the record, it cannot be held that appellant consented to the entry of judgment against him on the issue of the failure to file a creditor's claim in the probate proceeding. Appellant urged this contention at every opportunity until the trial court ruled against him on that issue. It was only when that issue was determined against him that appellant stipulated to judgment, and it is clear that he only intended to consent to judgment on any other issue in the matter. Appellant does not raise other issues on appeal. We hold that he is not barred from presenting this single issue for determination on appeal.

### III

■ The major and more troublesome issue is appellant's contention that the interest of respondents in the partnership is a money claim against the estate of Louis C. Kenworthy which is barred by their failure to file a creditor's claim. (Prob. Code, §§ 707, 732.) We agree with the trial court that the claim is not barred.

■ Opal could not devise an interest greater than her own. Therefore, we will first examine the nature of Opal's interest in the partnership property. More particularly, we will examine the relation of her community property to partnership property. We note that the parties have stipulated that "the capital interest" of Louis in the partnership had

"the character of community property as between him and his wife." The trial court had ruled previously that the issue of whether Louis' interest in the partnership was community property was a triable issue. Thus, we interpret the stipulation to mean that Louis' 50 percent partnership interest was in fact community property as between Louis and Opal.

Partnership property is a distinct category of property. While the partner has a right to possession of partnership assets, such right can be exercised only for partnership purposes. The partner's interest in particular partnership assets is not subject to dower, curtesy, or allowance to widows, heirs, or next of kin. It is not community property. (Corp. Code, § 15025.) As is manifest, section 15025 clarifies the character of *partnership property* as between the partners, it does not attempt to characterize the nature of the *partnership interest* of a partner as between a husband and his wife. As to them the husband's interest in the partnership is still community property despite Corporations Code section 15025. (See *McCall* v. *McCall* (1934) 2 Cal.App.2d 92 [37 P.2d 496].)

A partner's interest in the partnership is that partner's share of the profits and surplus and is itself personal property. (Corp. Code, § 15026.) Decisional law has clarified that the partner's interest in the partnership is personal property, a present and not an expectant interest. (*Carmichael* v. *Carmichael* (1963) 216 Cal.App.2d 674, 682 [31 Cal.Rptr. 514].) Opal had no interest in the partnership assets; her interest was in Louis' partnership interest which was personal property separate and distinct from the partnership assets. Opal thus enjoyed more than a mere money claim; she had a community property interest in present and existing personal property.

The interests of husband and wife in community property are present, existing and equal. (Civ. Code, § 5105, based on former § 161, subd. (a).) Opal's interest in Louis' 50 percent partnership interest was thus present and existing. When community property was transferred to the partnership Opal did not divest herself of her community interest in that property in favor of a general money claim against Louis; she merely traded her community interest in one asset for a community interest in another asset, Louis' partnership interest.

Appellant depends on *Rosenthal* v. *Rosenthal* (1966) 240 Cal.App.2d 927 [50 Cal.Rptr. 385], and *Carmichael* v. *Carmichael* (1963) *supra*, 216 Cal.App.2d 674, as a basis for his argument that Opal's interest was only a general claim against Louis. Those cases are neither controlling nor

persuasive when we deal, as we do here, with a probate matter. *Rosenthal* and *Carmichael* are divorce actions. For purposes of dissolution the protection to the wife is the same whether her interest be described as an existing interest or a general claim. The court in dissolution has broad power to divide assets; accordingly, in that context, there is no objection to an inexact description of wife's interest as a general claim. In fact, in those cases, the courts protected the wives against the husbands' arguments that the wives had no claim to partnership property. In probate, however, the court does not have broad discretion to divide assets. For that reason *Rosenthal* and *Carmichael* are inapposite.

Finally, we consider the interest of respondents, Opal's four devisees.[1] Opal devised her interest to respondents. Thereby, they took a present existing interest to one-half of Louis' partnership interest. Like Opal, they were owners of one-half of Louis' interest.

Claimants of specific property are not creditors and need not present a creditor's claim. (*Estate of Dabney* (1951) 37 Cal.2d 672 [234 P.2d 962].) Appellants urge that Opal's interest and therefore respondents' interest is no more than a money claim. A Probate Code section 707 claim is one which can be settled only by money payments. Neither Opal's claim, nor respondents' is so restricted. Opal's interest, as explained above, was community property and as such represented a present existing interest. That is, hers was an ownership interest and not a mere money claim. The decree of distribution in the probate of her estate passed that interest to her devisees. Thus, the devisees enjoy a present existing interest. Their interest, of course, was not community property, but it is a claim to a present interest in the partnership and not a general claim against the estate. Rather, they claim as owners of one-half of Louis' partnership interest.

[1]Appellant underscores that. Louis never questioned the fact that Opal's devisees enjoyed exactly the same (present, existing) rights which Opal had had. Thus, for approximately seven and one-half years from Opal's death to his own, he paid the devisees one-half of his profits from the partnership. Even when a sale of property took place one-half of his interest was paid over to the devisees. Never did Louis suggest that only a money claim was involved nor that an account was needed. His actions are contrary to the notion that he did not consider the devisees present existing owners. To him they stood in Opal's shoes. Thus, respondents seem to argue that Louis' personal representative is estopped from asserting that the claim was present and existing. While we need not decide, the argument appears sound. (See *Arguello etc. Protective Assn.* v. *Crofton* (1953) 118 Cal.App.2d 511 [258 P.2d 97].)

IV

Appellant finally contends that if the respondents are not barred from asserting their claim to the partnership interest, then the value of the interest must be determined at the time of the death of Opal. In light of the above discussion, little need be said on this contention. The interest of the respondents is not a money claim against the estate of Louis C. Kenworthy, but is ownership of a one-half interest of Louis C. Kenworthy's partnership interest. This interest is the right to his share of the income and surplus of the partnership. (Corp. Code, § 15026.) The respondent's interest entitles them to share in the income and surplus of the partnership.

The judgment is affirmed.

Regan, Acting P. J., concurred.


**EVANS, J.**—I dissent.

The author of the majority opinion, by means of semantic prestidigitation, attempts to apply a novel and illogical distinction to the nature of a community interest in partnership property at the time the community relationship is terminated as the consequence of a death rather than by a dissolution.

The majority impliedly acknowledge that specific property is divested of its community character upon its transfer to a partnership. In that instance, the interest in the partnership is community property, and the wife's community share is a general claim in her husband's share of the partnership in place of her interest in the specific community assets transferred. (*Rosenthal* v. *Rosenthal* (1966) 240 Cal.App.2d 927, 930-931 [50 Cal.Rptr. 385]; *Carmichael* v. *Carmichael* (1963) 216 Cal.App.2d 674, 682 [31 Cal.Rptr. 514]; Corp. Code, § 15025, subd. (2)(e).) Moreover, a partner's ownership right in specific partnership property is not a community property right available to a spouse. (*Hill* v. *Hill* (1947) 82 Cal.App.2d 682 [187 P.2d 28].)

The basic import of the majority opinion results in a judicial determination that upon termination of the community status as a result of the death of a spouse, as contrasted to termination by dissolution, the spouse's nonspecific community interest in the partnership property

changes to a nondesignated specific interest in unidentified but describable property, thus ostensibly reviving the original specific community interest as it existed prior to transfer to the partnership. The present state of the law in California does not so provide.

We are here faced with the status of partnership property at the time of and subsequent to the termination of the community status. I cannot ascribe the distinction to the law adopted by the majority, merely because the termination is accomplished by death rather than dissolution. Furthermore, the holding by the majority that by some mysterious and unidentified process, the devisees of Opal at her death replace her in the community and acquire a surrogate community interest in "specific" but unidentified properties, is best described as imaginative as it is not a conclusion supported by legislative directive or judicial determination nor is it predicated upon facts disclosed in the record.

The opinion deals in manipulative semantics to avoid the consequences of the established rule that a spouse's community interest in partnership properties is nonspecific. Their statement that " '[T]he capital interest' of Louis in the partnership had 'the character of community property as between him and his wife' " is an inescapable observation. Again, the majority state, "Opal had no interest in the partnership assets; her interest was in Louis' partnership interest which was personal property separate and distinct from the partnership assets. Opal thus enjoyed more than a mere money claim; she had a community property interest in present and existing personal property." Such a statement is pure judicial rhetoric.

At the time of her death, the "community" interest terminated. Notwithstanding that legal imperative, the majority continue with their semantical magic and state, "Opal devised her interest to respondents. Thereby, they took a present existing interest to one-half of Louis' partnership interest. Like Opal, they were owners of one-half of Louis' interest." Apparently, the author of the majority opinion acknowledges that Opal's interest, which was willed to the respondents, was not specific and without exact description. In spite of that concession, the opinion concludes with an unsupported statement that the respondents, by some undefined process, now are "claimants of specific property."

Such a conclusion in light of the facts, and the existing probate community and partnership law, is incredulous. The majority have not and cannot describe or designate properties in which Opal's devisees

share ownership. The decree of distribution in Opal's estate vested in her devisees an inchoate interest only in nondescribed properties or financial interests. After Louis' death, because of the nondescript character of the interest devised by Opal, her devisees had no more than a claim assertible against Louis' estate assets held by his executor.

Certainly, Opal enjoyed a "present existing interest:" but examine the nature of that interest. Her community interest in specific property was transformed to a "general claim" in her husband's share of the partnership at the time of transfer (see *Rosenthal* v. *Rosenthal, supra,* 240 Cal.App.2d 927, and *Carmichael* v. *Carmichael, supra,* 216 Cal.App.2d 674) and her husband's right to specific partnership property as a partner is not a community right available to the wife. (*Hill* v. *Hill, supra,* 82 Cal.App.2d 682.)

Had Opal survived Louis, she would have been entitled, in the absence of a will, by the law of intestate succession to her share of her husband's partnership interest without necessity of a claim. However, upon her prior death, the partnership did not terminate and her "general claim" to a share of Louis' partnership interest was willed to devisees other than those who would be entitled to Louis' interest pursuant to his will.

Opal, who preceded Louis in death, at death did not have a specific interest in specific partnership property which, by decree, might have been conveyed; rather, she had a right to a general claim to her husband's interest in the partnership. She devised that right to a general claim rather than interests in specifically described property, in her husband's share of the partnership. That general claim against the estate of Louis may only be asserted and perfected by Opal's devisees by means of presentation of a claim against Louis' estate.

Opal's devisees were not devisees under Louis' will. That will directed a disposition contrary to that intended by Opal. The decree in Opal's estate provided her devisees with a valid, uncontroverted claim against the estate assets held by Louis' executor. In the absence of a timely claim asserting what may only be described as a general financial claim, the devisees lose the right to the general claim in the partnership interest acquired from Opal.

The majority opinion that the devisees acquire a "claim to a present interest in the partnership and not a general claim against the estate" ignores fundamental partnership law that a partnership is an association

of two or more persons to carry on a business (Corp. Code, § 15006), accomplished by means of an agreement among the parties. (*B.K.K. Co. v. Schultz* (1970) 7 Cal.App.3d 786 [86 Cal.Rptr. 760].) Thus, the devisees, upon distribution of Opal's estate, could not and did not acquire any present interest in the partnership business. Rather, by Opal's will, they acquired a financial claim to a part of Louis' share of the partnership profits and assets. They did not become partners in the partnership business, thus acquiring a specific interest in specific properties.

The majority do not deny that during Louis' lifetime, Opal's devisees were entitled to no more than one-half of Louis' share of the profits of the partnership business. For a period of time, they received periodic payments of what purported to be a share of the profits. However, when Louis failed to continue payment to them of shares of the profits, the devisees did not act to perfect their right to share in the profits, just as they failed to act against his estate following Louis' death.

That inaction does result in an obvious harsh consequence, as is the case in every application of a statute of limitations as a bar to assert other claims in any proceeding.

For the foregoing reasons, I would conclude that a claim against Louis' estate by the devisees under Opal's will was an absolute predicate to the relief sought inasmuch as they acquired from Opal no more than a general claim against Louis' interest in the partnership business.

I would reverse the judgment.

A petition for a rehearing was denied January 16, 1979. Evans, J., was of the opinion that the petition should be granted. Appellant's petition for a hearing by the Supreme Court was denied February 14, 1979.