Filed 2/10/23 Marriage of Hettinga CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of CHRISTY AND GERBEN HETTINGA. | |
| CHRISTY HETTINGA,<br><br>    Appellant,<br><br>v.<br><br>GERBEN HETTINGA,<br><br>    Respondent. | E075687<br><br>(Super.Ct.No. FAMRS1400253)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County. Cheryl C. Kersey, Judge. Affirmed.

John L. Dodd & Associates, John L. Dodd; Brown & Charbonneau, Gregory G. Brown, and Mark Higuchi for Appellant.

David B. Dimitruk for Respondent.

1

Christy and Gerben Hettinga separated after 18 years of marriage.[1] The trial court thereafter entered judgment of dissolution pursuant to the parties' settlement agreement. Months later, Christy moved to set aside the judgment, claiming among other things that Gerben did not accurately disclose his ownership interest in various businesses, thereby influencing her decision to settle. After an extensive evidentiary hearing, the trial court denied the motion. Christy appeals from the denial. We affirm.

## BACKGROUND

A. *The Marriage and Dissolution Proceedings*

Christy and Gerben married in May 1996. They had one child, who was born in 2002. In January 2014, Christy and Gerben separated. Christy petitioned to dissolve the marriage.

In Gerben's preliminary disclosure, he claimed that his average monthly salary was $4,000 and that he was a partner in GH Dairy and American Beef Packers, Inc. (American Beef Packers).

In Gerben's final disclosure, Gerben attested to owning a 50 percent interest in GH Dairy and a 25 percent interest in American Beef Packers. He claimed that the then-current gross fair market value of his interest in the businesses was unknown. He attested to having one checking account, Citizens Business Bank account number 2317, with around $9,000 in it.

---

[1] We refer to the parties and some other witnesses by their first names because they all have the same last name. No disrespect is intended.

In his income and expense declaration, Gerben stated that his average monthly income from salary and wages was $2,275. He listed his self-employment income from being a business partner at GH Dairy as being "$20,000+." He also separately wrote on the form that he "concedes his monthly income is at least $20,000."

B. *The Stipulated Judgment*

In May 2015, Christy and Gerben agree to entry of a stipulated judgment "to make a final and complete settlement of all rights and obligations between [them] including their respective property rights." The stipulated judgment was signed by Christy, Gerben, and their counsel.

Christy and Gerben agreed to joint physical and legal custody of their child, with Christy as the primary caretaker. The parties agreed that Christy would receive a residential property in Chino Hills, California, estimated to have a value of approximately $1.7 million in equity; two vehicles; and all of the bank accounts in her name. The parties agreed that Gerben would receive a residential property in Blythe, California; a boat; "[t]he businesses known as GH Dairy and an interest in American Beef Packers"; "[a]ny and all interests in any other business which are affiliated with GH Dairy and American Beef Packers and any other partnership or corporation engaged in the production of milk, cheese or any other dairy product or the disposition of the cows involved in said business or the transportation of dairy products or meat to consumers of GH Dairy or American Beef Packers"; and "[a]ll deposit[s], investment[s], or other accounts in [Gerben's] name, including but not limited to, Citizens Business Bank

3

Checking Account #2368 . . . ." In order to effectuate an equal division of the estate, Gerben agreed to pay Christy an equalization payment in the amount of $1,200,000. In addition, the parties agreed that Gerben would pay Christy spousal support in the nonmodifiable amount of $10,000 per month through June 2040 and child support until the child was 18 or 19, depending on certain circumstances.

The stipulated judgment included a section warrantying the parties' disclosures. Gerben and Christy agreed: "The Parties [*sic*] intent in entering into this Judgment is to award [Gerben] any and all such business interests which he may have regardless of whether he has fully identified each such business entity, in exchange for the award to [Christy] of the family residence," the equalization payment, and 25 years of nonmodifiable spousal support.

In May 2015, the court entered the stipulated judgment.

C. *Motion to Set Aside the Judgment*

Six months after judgment was entered, Christy moved to set it aside under Code of Civil Procedure section 473 and Family Code section 2122 (undesignated statutory references are to the Family Code). Christy also requested modification of spousal and child support, sanctions, and attorney fees.

In the accompanying memorandum of points and authorities, Christy argued that the judgment should be set aside under section 2122 because the stipulated judgment had been obtained through fraud, perjury, extortion, duress, and mistake. She claimed that Gerben did not accurately disclose the existence of numerous community assets,

4

including subsidiaries and properties owned by the community property businesses GH Dairy and American Beef Packers.

Christy set forth the factual basis for the requested relief in an attached declaration. Christy claimed that when she entered the stipulated judgment, she believed that she was entitled to half of the community's 50 percent ownership interest in GH Dairy. Gerben's father, Hein Hettinga, and Hein's wife owned the other half of GH Dairy. Christy also believed that Gerben owned 25 percent of American Beef Packers.

According to Christy, Hein and Gerben represented to her that GH Dairy was "broke" or "'out of money.'" Christy claimed that Gerben threatened that unless she signed the agreement she would be sent to jail for depositing into her bank account some cash that Gerben had given to her from American Beef Packers. Christy ultimately signed the agreement because she felt pressured by Gerben and Hein as a result of their "constant and consistent threats."

Several months after the judgment of dissolution was entered, Christy applied for a home mortgage for which she had to provide tax returns from 2013 and 2014. The controller of GH Dairy sent her the K-1 tax forms from GH Dairy and American Beef Packers. Christy learned for the first time that Gerben was the trustee of Gerben Hettinga Revocable Trust, he owned 50 percent of American Beef Packers (not 25 percent), and in 2014 American Beef Packers made $1.9 million in profit and grossed over $100 million annually. Christy searched online and discovered that Gerben owned or was a member of numerous other businesses, including GH Processing, GH Dairy El Paso, Expressway

5

Dairy, Carrob Investments, Vacada, Inc., American Beef Packers, LLC, American Superior Land, LLC, and Strack Farms Land. None of the entities was included in Gerben's preliminary or final disclosures.

In her supporting declaration, Christy asked the court to order interim child and spousal support calculated from Gerben's "true earnings." She claimed that "[a]ll of the support orders in this matter were calculated using [Gerben's] falsified reports of income."

At some point, Christy may have filed an amended petition to include everything she learned during discovery. No such petition appears in the record on appeal.

D. *Proceeding on Motion to Set Aside*

In January and February 2020, the court held an evidentiary hearing that spanned 11 days. Nine witnesses testified, including Gerben, Christy, and certified public accountants on behalf of each of them. We do not recount the evidence admitted during the proceeding because it is not relevant to our analysis of the issues in this appeal.

E. *The Ruling*

In July 2020, the trial court issued a statement of decision and declined to set aside the judgment. The court found Christy's allegations of duress to be not credible and found that her allegations of perjury, fraud, and mistake were "essentially the same as those in support of [her] claims of extortion, duress and concealment" and concluded that "[a]s such" those claims also were not supported by the evidence. With respect to Christy's claim that Gerben failed to disclose the full 50 percent ownership interest in

6

American Beef Packers, the court found that Gerben acquired half of that interest after he and Christy separated, thus rendering that 25 percent interest separate property in which Christy had no interest. The court also found that Hein's testimony established that he had "provided all the funds to acquire [American Beef Packers] and gave [Gerben] his share of [American Beef Packers] as a gift" and that Christy failed to "present any evidence that [American Beef Packers] was ever characterized as community property." With respect to other business entities and interests that Christy claimed Gerben failed to disclose, the court found that Gerben established that "he does not have a personal interest in Expressway Dairy, Carrob Investments, and Vacada, Inc." and "that GH Processing and GH Dairy El Paso are simply locations/subsidiaries of GH Dairy." Additionally, the court found that "[i]n any event" Christy was bound by the terms of the stipulated judgment, which provided that (1) Gerben would be awarded "[t]he businesses known as GH Dairy and an interest in American Beef Packers, including but not limited to all assets and debts associated with said businesses and the goodwill associated with said businesses," and (2) "the Parties [*sic*] intent in entering into this Judgment is to award to [Gerben] any and all such business interests which he may have regardless of whether he has fully identified each such business entity, in exchange for the award to" Christy of the family residence, an equalization payment, and 25 years of nonmodifiable spousal support. The court further concluded that "[a]ny errors in the Income and Expense declarations were cured by the final disclosures in the Marital Settlement Agreement."

7

Christy objected to the statement of decision, arguing that the trial court had failed to make any findings of fact or law concerning numerous alleged failures of Gerben to disclose various assets and income sources. The court overruled the objections, explaining that it was not required to make findings of fact on each of Christy's arguments.

## DISCUSSION[2]

Christy argues that the trial court erred by denying her motion to set aside the judgment under section 2122 by failing to consider all of the issues presented in her motion, namely, Gerben's purported failure to disclose all of his assets and income. She also argues that the trial court should have set aside the judgment because she demonstrated that Gerben committed fraud and perjury. In addition, she claims that the court erred during the proceeding by excluding as irrelevant evidence about GH Dairy's growth and increased revenue. We are not persuaded.

A. *Governing Legal Principles*

In order to promote the public policy of reducing the adversarial nature of marital dissolution, section 2100 requires that "a full and accurate disclosure of all assets and liabilities in which one or both parties have or may have an interest must be made in the early stages of a proceeding for dissolution of marriage or legal separation of the parties, regardless of the characterization as community or separate, together with a disclosure of

---

**2** One day before oral argument and three months after we provided our tentative opinion to the parties, Christy moved to augment the record with a supplemental brief she filed in the trial court. We deny the request.

all income and expenses of the parties." (*Id.*, subd. (c); see *id.*, subds. (b)-(c).) Additionally, "each party has a continuing duty to immediately, fully, and accurately update and augment that disclosure to the extent there have been any material changes so that at the time the parties enter into an agreement for the resolution of any of these issues, or at the time of trial on these issues, each party will have a full and complete knowledge of the relevant underlying facts." (§ 2100, subd. (c).)

"Section 2122 governs motions to set aside judgments in dissolution proceedings. Under this statute, there are six grounds to set aside a judgment: actual fraud, perjury, duress, mental incapacity, mistake, or failure to comply with the disclosure requirements. (§ 2122, subds. (a)-(f).)" (*In re Marriage of Binette* (2018) 24 Cal.App.5th 1119, 1125.) Subdivision (e) of section 2122 provides that a stipulated judgment may be set aside on the basis of "mistake, either mutual or unilateral, whether mistake of law or mistake of fact." Depending on the ground, the motion must be made within one or two years. (§ 2122, subds. (a)-(f).)

A "trial court's exercise of discretion in refusing to set aside a judgment under section 2122 is subject to reversal on appeal only if we find an abuse of that discretion." (*In re Marriage of Varner* (1997) 55 Cal.App.4th 128, 138.) A trial court abuses its discretion if its decision is not supported by substantial evidence (*In re Marriage of Swain* (2018) 21 Cal.App.5th 830, 836-837) or it applies the wrong legal standard (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 85).

9

B. *Scope of Trial Court's Order*

Christy's main challenge to the trial court's order is that the court erroneously failed to consider all of the grounds for relief she raised in her motion and focused exclusively on whether the community had any interest in American Beef Packers. In particular, Christy argues that the trial court erred by failing to consider her arguments that the judgment should be set aside because Gerben failed to disclose (1) the existence of other businesses held directly or indirectly by GH Dairy, along with the value of those businesses, (2) his full income including expenses paid by GH Dairy and other businesses, and (3) all of his bank accounts.**3** We are not persuaded.

First, with respect to Gerben's purported failure to disclose bank accounts and the trial court's purported error in not addressing the issue, Christy's argument fails because she did not move to set aside the judgment on that ground. She did not mention any undisclosed bank accounts in her motion, the accompanying memoranda of points and authorities, or her supporting declaration. The trial court therefore was not required to address the issue. (See *Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1125 [a party seeking relief under Code Civ. Proc., § 473 must specify grounds upon which relief is sought, and the court is not obliged to consider grounds not raised].) Accordingly, the trial court did not err by failing to address the issue.

---

**3** Christy also claims that Gerben failed to disclose the full value of GH Dairy and the existence and value of Gerben Hettinga Revocable Trust. But she does not explain how the trial court erred with respect to those alleged failures. We will not develop an appellant's arguments for them. (*Los Angeles Unified School District v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 498 (*Torres Construction*).)

10

Second, Christy's argument that the trial court erred by failing to consider the issue of Gerben's alleged failure to disclose the existence of numerous other businesses owned by him or GH Dairy is contrary to the record. The trial court did consider the issue and concluded that Gerben "established that he [did] not have a personal interest in Expressway Dairy, Carrob Investments, and Vacada, Inc." and "that GH Processing and GH Dairy El Paso [were] simply locations/subsidiaries of GH Dairy." Thus, contrary to Christy's assertion, the trial court did not ignore her claim about Gerben's failure to disclose other businesses.

Christy also argues that the court erred by finding that Gerben did not have a personal interest in certain businesses, which "were subsidiaries" of GH Dairy. According to Christy, the court's reasoning was incorrect "because [GH Dairy] was a partnership" and "Gerben's interest in the partnership was subject to community property rules." Christy thus appears to argue that because Gerben owned an interest in GH Dairy and GH Dairy was a partnership, Gerben also owned an interest in any subsidiaries of GH Dairy, which Gerben was therefore required to disclose. Christy does not further develop the argument, and the one case that she cites, *Kenworthy v. Hadden* (1978) 87 Cal.App.3d 696, appears to refute it. A spouse's interest in a partnership is community property, but a "partner's interest in particular partnership assets" "is not community property." (*Id.* at p. 701.) Thus, the case on which Christy relies appears to show that the trial court was correct—Gerben disclosed his interest in GH Dairy, but he had no personal, disclosable interest in GH Dairy's subsidiaries.

11

Third, Christy's argument that the trial court erred by not considering whether Gerben failed to disclose all of his income also fails. Contrary to Christy's characterization of the ruling, the court did address the issue and concluded that "[a]ny errors in the Income and Expense declarations were cured by the final disclosures in the Marital Settlement Agreement." Christy neither acknowledges nor challenges that ruling. We accordingly do not consider the propriety of the ruling; we will not develop an appellant's arguments for them. (*Torres Construction*, *supra*, 57 Cal.App.5th at p. 498.)

For all of these reasons, we reject Christy's argument that the trial court erred by failing to consider all of the grounds for relief she raised in her motion.[4]

C. *Perjury and Fraud*

Christy also argues that the trial court should have set aside the judgment because Gerben committed perjury when he signed his final disclosure and that all of the elements of fraud "are present here." The arguments lack merit.

The trial court found that the allegations in support of Christy's claims of perjury and fraud were "essentially the same" as those in support of her claim of duress and thus were not supported by the evidence. As to the duress claim, the court found that Christy was not credible. Christy does not challenge that finding or otherwise challenge the rejection of the duress claim. Nor does she challenge the trial court's determination that

---

**4** Christy also argues that in violation of section 2105, subdivision (b)(2), Gerben failed to "provide 'access to the information from which the value'" of the other businesses "'could be derived'" and to provide Christy's accountant "with the documents necessary for [the accountant] to determine Gerben's cash flow for support." Christy did not make that argument in the trial court, so we do not consider it. (*Rogers v. County of Los Angeles* (2011) 198 Cal.App.4th 480, 490, fn. 6.)

the alleged factual underpinnings of the duress claim, on the one hand, and the perjury and fraud claims, on the other, were "essentially the same." Because Christy's arguments concerning perjury and fraud fail to identify any error in the trial court's reasoning, we reject them.

D. *Evidentiary Ruling*

Christy also argues that the trial court erred by concluding that GH Dairy's growth in size, value, and revenue during the marriage was not relevant. We reject this argument too.

We cannot reverse on the basis of an evidentiary ruling unless the alleged error resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13; Evid. Code, § 354.) "A miscarriage of justice occurs only when the reviewing court is convinced it is reasonably probable a result more favorable to the appellant would have been reached absent the error." (*California Crane School, Inc. v. National Com. for Certification of Crane Operators* (2014) 226 Cal.App.4th 12, 24.)

Christy fails to demonstrate that the putative evidentiary error resulted in a miscarriage of justice. She claims that the exclusion of evidence concerning GH Dairy's growth and valuation "skewed and restricted [the court's] analysis" and that evidence of the increased valuation of GH Dairy would have allowed her to prove "she would materially benefit from setting aside the judgment." She contends that the court's conclusion that she "had not met her burden of proving a different result" "was based on [the court's] misunderstanding of the law concerning the relevance of the growth of" GH

13

Dairy. That argument mischaracterizes the court's conclusion. The court found that Christy had "failed to show a different result would have occurred *with disclosure of the additional acquired percentage of* [*American Beef Packers*] *stock*, as the asset itself was disclosed." (Italics added.) That conclusion has nothing to do with GH Dairy or its valuation. Moreover, the court's denial of Christy's motion was not based on a determination that Christy had failed to demonstrate that she would benefit if the motion were granted.

Christy thus fails to show how the trial court's evidentiary ruling concerning the relevance of the valuation of GH Dairy affected the court's decision to deny her motion. She thus also fails to demonstrate that it is reasonably probable that she would have obtained a more favorable result if the purported evidentiary error had not occurred. Because Christy has not shown prejudice, her argument fails.

## DISPOSITION

The order denying Christy's motion to set aside the judgment is affirmed. Gerben shall recover his costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
                                        J.

We concur:

MILLER
            Acting P. J.
CODRINGTON
                  J.