Filed 11/24/25  Marriage of Castellanos CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of CARLOS CASTELLANOS and CARMEN CASTELLANOS. | D084787 |
| CARLOS CASTELLANOS,<br><br>        Appellant,<br><br>    v.<br><br>CARMEN CASTELLANOS,<br><br>        Respondent. | (Super. Ct. No. DS59234) |

APPEAL from a postjudgment order of the Superior Court of San Diego County, Leonard N. Trinh, Judge.  Motion to dismiss appeal is denied. Affirmed.

Joshua M. Searcy for Appellant.

Slovinsky & Slovinsky and Gustavo Slovinsky for Respondent.

Carlos Castellanos appeals a postjudgment order valuing certain properties in this marital dissolution action. Respondent Carmen Castellanos argues that we should dismiss his appeal as untimely and taken from an unappealable order. Although we have jurisdiction over the appeal, we find Carlos's arguments lack merit.[1] The trial court's order was supported by the testimony of a certified appraiser, and Carlos failed to present any evidence or testimony rebutting the appraiser's conclusions. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The family court entered a judgment of marital dissolution in 2019. The record does not reflect that the court bifurcated the matter or reserved any issues for later resolution.

Several years after entry of judgment, the court found that Carlos had "breached his fiduciary duty" to Carmen under Family Code[2] section 721. The record provided on appeal does not provide more information about the underlying basis for this ruling. But based on section 1101, subdivision (g), the court concluded the appropriate remedy for the breach was "an award of fifty percent (50%) or amount equal to fifty percent (50%)" of three properties in Mexico. The court specified that the value of the properties was to be determined as of December 12, 2022. It further ordered the parties "to meet and confer regarding appointment of appraiser" and to "select an appraiser within thirty (30) days" so the three properties could "be appraised forthwith."

---

[1] We refer to the parties by their first names because they share a last name. No disrespect is intended.

[2] All statutory references are to the Family Code.

In April 2024, the court held a hearing on the valuation of the properties. Appraiser Agnes Kozlkowska testified as to her qualifications and her methodology in appraising the three properties. She said she was unable to view the properties—all of which are condominiums—because they are in gated communities and she was not permitted to enter. According to Kozlkowska, this is common in Mexico. She had previously inspected two of the properties in 2015 when she appraised them for the parties, and implied that changes to the inside of the units were not as important to her valuation as the fundamental structure. She also testified these properties were part of a large development with identical units.

Kozlkowska had not previously appraised the third property, which was in a different location. But she testified the third property was also part of a large development in which all the units were the same, and that she was conducting appraisals of other units in this development "[f]or different banks in Mexico."

In addition, Kozlkowska testified she had "research[ed] the market" and found "comparable[]" properties, comparing at least six properties to each of the appraised units. According to Kozlkowska, she valued the comparable properties based on purchase offers rather than sale prices, which are not publicly available in Mexico.

Initially, Kozlkowska had valued all three properties as of April 14, 2023. In response to questioning, she conducted further analysis during a break in the proceedings and adjusted her valuation to the December 12, 2022 date specified by the court. She testified she had done so using the inflation rate published by the National Bank of Mexico. After this adjustment, she opined the properties were worth 891,819 pesos, 865,330 pesos, and 2,087,780 pesos, respectively, in December 2022.

Carlos argued the appraisal was not accurate because Kozlkowska was unable to view the properties, she had adjusted the value from April 2023 to December 2022, and she had used offer data instead of sales data for comparable properties. He did not present any evidence to rebut Kozlkowska's testimony, and the court accepted her values. At the end of the hearing, Carmen asked about currency exchange rates. The court responded it had not heard any evidence on this question, so would be unable to resolve that issue "right now."

In its final order after hearing, entered May 20, 2024, the court adopted Kozlkowska's proposed values and stated, "The Court wasn't provided any information regarding currency exchange rates. The Court orders the parties to meet and confer regarding the U.S. dollar amount." Carmen served a file-stamped copy of the order on Carlos on June 4, 2024.

On June 6, 2024, the court entered a document titled "Stipulation for Judgment." After reciting the court's valuations in pesos, the stipulation states,

> "The court did not set an equivalent US dollar value, lacking evidence of the Mexican Peso to US Dollar exchange rate.
>
> "The parties herein stipulate that as of this writing, the official exchange rate is $1 US dollar to $17.108 Mexican pesos. Based on that exchange rate, the dollar equivalent of the court's judgment is $112,375.
>
> "Therefore the parties to this action, hereby stipulate that judgment may be entered in favor of Respondent Carmen Castellanos owed by Petitioner Carlos Castellanos maybe [*sic*] entered in the amount of $112,375."

The parties, counsel, and the court signed the stipulation. On August 21, 2024, Carlos filed his notice of appeal seeking to challenge both the May 20 and June 6 orders.

4

## DISCUSSION

### A.    *Appealability and Timeliness*

Carmen has filed a motion to dismiss, claiming the appeal is untimely as measured from the May 20 order and that the June 6 order is not appealable because the parties stipulated to its entry. As we shall explain, we find the appeal timely and appropriate.

Although a postjudgment order is generally appealable, it may not be considered a final order if it is preliminary to some further action by the court. (See, e.g., *In re Marriage of Olson* (2015) 238 Cal.App.4th 1458, 1462.) "In divorce cases, this rule has been applied to dismiss appeals from orders that contemplated further proceedings." (*Ibid.*) For example, in *In re Marriage of Levine* (1994) 28 Cal.App.4th 585, a postdissolution order finding that the court had authority to approve aspects of a sale of community property and providing "directions concerning the method by which disputes would be resolved" was found not to be appealable because it was " 'preliminary to later proceedings.' " (*Id.* at p. 589.)

Carmen argues the May 20 order was final and appealable such that Carlos's attempted appeal from that order was untimely. But that order specifically contemplated further proceedings by ordering the parties to meet and confer about the currency exchange rate because "[t]he Court wasn't provided any information" on the rate during the hearing. In the June 6 order, the court confirmed that its prior order had not been final, stating it "did not set an equivalent US dollar value" because it lacked evidence on the exchange rate. The court purported to enter "judgment" on the issue based on the parties' stipulation to a specific exchange rate. Carlos could not have immediately appealed the May 20 order and instead was required to wait for the court to resolve the outstanding currency issue in the June 6 order.

5

Carmen argues the June 6 order is not appealable because it constitutes a "stipulated judgment." As an initial matter, although the June 6 order is titled "Stipulated Judgment," we view it a postjudgment order relating to the enforcement of a prior judgment, not a separate judgment. It appears to us that the court entered judgment in 2019 without bifurcating the case or reserving any issues. Further, the June 6 order was entered in the docket as a "Stipulation," not as a judgment. But whether viewed as an order or judgment, we would find the June 6 order appealable.

A judgment entered pursuant to stipulation is generally not appealable, though " 'an exception exists where the appellant's consent to judgment was given merely to facilitate an appeal following the trial court's adverse determination of a critical issue.' " (*In re Marriage of Sullivan* (2023) 89 Cal.App.5th 585, 593.) On appeal, Carlos only seeks to challenge the portion of the June 6 order incorporating the court's prior valuation ruling. (See *Kenworthy v. Hadden* (1978) 87 Cal.App.3d 696, 700 [appeal from consent judgment permissible where "[i]t was only when [the] issue [on appeal] was determined against him that appellant stipulated to judgment, and it is clear that he only intended to consent to judgment on any other issue in the matter"].) We view that portion of the stipulation as a recital of the court's findings, not Carlos's agreement that the valuation was correct. (See *Mecham v. McKay* (1869) 37 Cal. 154, 159 ["adopt[ing] the more liberal practice of construing [a stipulated judgment] as the parties understood it at the time"].) As Carlos's agreement to the exchange rate effectively facilitated an appeal of the underlying valuation issue, we find that his appeal of the June 6 order is proper.

Finally, Carmen claims Carlos's appeal from the June 6 order is not timely under Rules of Court, rule 8.104, subdivision (a)(1). That rule states

6

a notice of appeal must be filed within "60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served" or within "60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service." (*Ibid.*, subd. (a)(1)(A); *ibid.*, subd. (a)(1)(B).) Otherwise, the time for appeal is 180 days after entry of the order or judgment. (*Ibid.*, subd. (a)(1)(C).)

Carmen suggests that the 60-day time limit applies "because [Carlos] signed the document and [was] presumed to know what he [was] signing." Merely signing a stipulation does not satisfy the strict requirements of Rules of Court, rule 8.104, subdivisions (a)(1)(A) or (B), which mandate *service* of *file-endorsed copy* of the judgment or order, something that did not occur here. Accordingly, because Carlos filed his notice of appeal within 180 days of the court's entry of the June 6 order, we find it timely. (See *ibid.*, subd. (a)(1)(C).)

**B.** *Substantial Evidence Supports the Court's Valuation*

Carlos challenges the court's valuation, claiming the appraisal was flawed. First, he asserts that Kozlkowska's inability to access the units renders her opinion inherently unreliable. He suggests her appraisal was actually premised on her 2015 visit, which was "stale." Second, Carlos complains that Kozlkowska improperly relied on purchase offers rather than actual sale prices for comparable properties. Third, he argues that Kozlkowska's proffered values were unreliable because she backdated her opinion from April 2023 to December 2022.

We review a court's factual findings regarding the "value of the parties' property under the substantial evidence standard." (*In re Marriage of Sivyer-Foley & Foley* (2010) 189 Cal.App.4th 521, 526.)[3] "The trial court possesses broad discretion to determine the value of community assets as long as its determination is within the range of the evidence presented." (*In re Marriage of Nichols* (1994) 27 Cal.App.4th 661, 670.) "All issues of credibility are for the trier of fact . . . ." (*Ibid.*) "The trial court's judgment is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*Ibid.*)

---

[3] Citing *SHC Half Moon Bay, LLC v. County of San Mateo* (2014) 226 Cal.App.4th 471, 486, Carlos claims that because his challenge is to the methodology used by the appraiser, the standard of review is de novo. He is mistaken. That standard of review specifically concerns appraisals for tax purposes, as a government appraiser's methodology must be consistent with applicable law. (See, e.g., *Elk Hills Power, LLC v. Board of Equalization* (2013) 57 Cal.4th 593, 605–606 [discussing standard of review and authorities governing taxpayer's challenge].) We see no indication this caselaw would apply to a trial court valuation of marital assets. (See, e.g., *In re Marriage of Honer* (2015) 236 Cal.App.4th 687, 694–698 [court's valuation of property, including its evaluation of different appraisal methodologies, reviewed for substantial evidence].)

Carlos has not shown the court's determination was not supported by substantial evidence. Kozlkowska, whom the court apparently found credible, suggested it is standard in Mexico to appraise properties without physical access the sites or sales information. She nonetheless opined that she was able to determine the value of all three properties. She testified she had previously inspected two of these properties and had inspected other units similar to the third property. Carlos did not present testimony from a different appraiser, nor any other evidence that would undermine Kozlkowska's testimony. We see no basis in this record to doubt her valuations despite the limitations on available data. We find the court reasonably relied on her testimony.

Carlos similarly fails to show Kozlkowska improperly adjusted her valuations from April 2023 to December 2022. Kozlkowska testified that she revised her valuations using calculations based on the inflation rate. Carlos presented no evidence that this was unreliable or unreasonable. He has not shown the court's order was not supported by substantial evidence.

## DISPOSITION

The postjudgment order is affirmed. Carmen is entitled to recover her costs on appeal.

DATO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

IRION, J.

9